**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-6691**

PHILLIP MCCURTIS ASKEW, JR.,

                                        Petitioner - Appellant,

        versus

DIRECTOR, Department of Corrections,

                                        Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Robert G. Doumar, Senior District Judge.  (2:06-cv-00500-RGD)

Submitted:  September 24, 2007        Decided:  October 5, 2007

Before MICHAEL, TRAXLER, and DUNCAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Phillip McCurtis Askew, Jr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Phillip McCurtis Askew, Jr., a Virginia inmate, appeals the district court's order dismissing his 28 U.S.C. § 2254 (2000) petition for failure to pay the filing fee. We reverse and remand to the district court for further proceedings.

Although Askew sought authorization to proceed in the district court in forma pauperis, the court reasonably required him to pay the $5.00 filing fee because sufficient funds had been recently deposited in Askew's inmate trust account. Unfortunately, Askew's timely efforts to comply with the filing fee requirement were frustrated by bureaucratic delays and failings. The record reveals that on one occasion, the prison incorrectly prepared a requested money order for an amount in excess of the filing fee; this money order was returned to Askew by the district court because the Clerk could not accept an overpayment. On a second occasion, Askew's request that a money order be prepared was delayed over a month; by the time it was processed, the prison had withdrawn funds to pay Askew's prison commissary account, leaving inadequate funds to honor his earlier request that money be withdrawn to pay his filing fee. On a third occasion, the prison declined to process Askew's request, even though he had $11.66 in his inmate account, apparently on account of a prison policy that prohibited the processing of money orders that would result in an account balance below $10.00.

- 2 -

When Askew brought each of these events to the attention of the district court, the court patiently responded by according Askew additional time to arrange for payment of the filing fee. By order filed February 12, 2007, the court granted Askew an extension of time until March 5. On April 13, 2007, after not receiving the filing fee, another motion for an extension of time, or a statement as to Askew's inability to pay the fee, the district court dismissed Askew's case without prejudice. Askew timely appealed.

On appeal, Askew has submitted to this court an "Inmate Trust System – Withdrawal Request Form," which reflects his request that a payment of $5.00 be made to the United States District Court to satisfy the court filing fee in the present civil action. The form was signed by Askew on February 26, 2007, Askew's signature was witnessed by a prison official, and the form is endorsed as "withdrawal approved by" another prison official on February 27, 2007. Askew submits on appeal that he had no knowledge that his request, which was prepared, witnessed, and approved in time to meet the district court's March 5, 2007 deadline, had not been processed until he received the court's order dismissing his case.

Because the district court had no indication that Askew had acted timely to comply with its order of February 12, 2007, we have no quarrel with its determination to dismiss Askew's case for failure to pay the filing fee. On the other hand, assuming that the document Askew tendered to this court is genuine, he can hardly

- 3 -

be faulted for non-compliance with the district court's direction. Indeed, assuming the facts represented by Askew are accurate, and had they been timely known both by Askew and the district court, we have no doubt that the court would have either accorded Askew additional time to submit the filing fee or taken other measures to ensure that Askew's repeated requests were honored by his custodian.

In light of the unique circumstances presented, and because it is likely that a new action by Askew would be time-barred even though the district court's dismissal was without prejudice, we vacate the district court's order and remand so that the district court can determine, based upon the facts of which it was unaware when it acted, whether Askew should be granted an additional extension of time in which to pay the filing fee. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

- 4 -